Special Concurring Opinion of Justice
DOWTY:
In light of the argument made by Justice Leeds, I am compelled to revisit and reconsider my concurrence in Riggs v. Ummerteskee. I agree with Chief Justice Matlock, citing DeMoss, for guidance in constitutional interpretation, and that “[t]o determine this intent we look to the instrument itself and when the test of a constitutional provision is ambiguous, this Court in constructing it is not at liberty to search for meaning beyond the instrument,” In considering the matter, I note that the Justices are in agreement that the Freed *32 men were citizens of the Cherokee Nation at the time the 1975 Constitution was drafted.
I agree with Justice Leeds that to exclude a class of citizens from membership, the constitution would have to do so with specific and clear language. Exclusion cannot be left to inference by omission or by silence. The Cherokee Freedmen were citizens of the Cherokee Nation prior to the enactment of the .1975 Constitution. The language of Article III does not specifically exclude them from continuing membership. The constitutional language requires membership by reference to the Dawes Commission Rolls and the Freedmen were included in those rolls.
I,therefore, concur that Riggs v. Ummerteskee must be reversed and that 11 CNCA § 12 is unconstitutional because it imposes a more restrictive requirement on membership than does the plain language of the Constitution of 1975.
Accordingly, I concur in the Opinion of Justice Leeds.